**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARIA C. GUZMAN, on her own behalf and on behalf of her minor son, OSCAR O. GUZMAN, and NUBIA GUZMAN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 09 C 7570 |
| THE CITY OF CHICAGO; CHICAGO POLICE OFFICER TERRY SOUTHARD, star no. 7670; CHICAGO POLICE OFFICER SAM LOPEZ, star no. 5628; CHICAGO POLICE SERGEANT ANDRE HASAN, star no. 2083; and UNKNOWN CITY OF CHICAGO EMPLOYEES, | ) ) ) ) ) ) ) ) ) | Judge Kocoras  Magistrate Judge Valdez |
| Defendants. | ) | |

## DEFENDANT OFFICER HASAN'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Officer Andre Hasan ("Defendant Hasan"), by one of his attorneys, Anne K.

Preston, Assistant Corporation Counsel, hereby submits his Answer, Defenses, and Jury Demand

to Plaintiffs' first amended complaint:

### Introduction

1.      With no cause, two Chicago police officers, Defendants Terry Southard and Sam Lopez, chased Oscar Guzman, an adolescent with autism, into his family's restaurant. One of the Defendants pushed Oscar's father to the ground, ignored the pleas of his mother, and proceeded to beat Oscar in the head in front of his parents.  Later that day, when Oscar's family asked a Chicago police sergeant, Defendant Andre Hasan, what explanation the Defendants had given for their behavior, the sergeant responded by threatening Oscar's sister.

**ANSWER:**      Defendant Hasan admits, upon information and belief, that Oscar Guzman has

autism.   Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations that with no cause, two Chicago police officers, Defendants

Terry Southard and Sam Lopez, chased Oscar Guzman, an adolescent with autism, into his

family's restaurant.  Defendant Hasan lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations that one of the Defendants pushed Oscar's father to the

ground, ignored the pleas of his mother, and proceeded to beat Oscar in the head in front of his

parents, but Defendant Hasan denies these allegations as they pertain to him.  Defendant Hasan

denies the remaining allegations contained in Paragraph 1.

2.      Compounding the damage done to Oscar, the City of Chicago Independent Police
Review Authority (IPRA), tasked with investigating the family's complaint, has failed to make
any findings about the incident despite its statutory mandate to have timely concluded its
investigation months ago.  IPRA refused to conclude its investigation despite the fact that a full
11 months ago, IPRA subjected Oscar and his family to extensive, recorded interviews.  Further,
IPRA long possessed the identities of the Defendant Officers, but kept this information secret
from Oscar and his family.

**ANSWER:**    Defendant Hasan denies that he caused any damage to Oscar.  Defendant Hasan

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations contained in Paragraph 2.

### Jurisdiction and Venue

3.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation
under color of law of Plaintiffs' rights as secured by the united States Constitution.

**ANSWER:**    Defendant Hasan admits that this action is brought pursuant to 42 U.S.C. §1983,

but denies the remaining allegations contained in Paragraph 3.

4.      This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:**    Defendant Hasan admits that jurisdiction is proper, but denies engaging in any

wrongful or illegal conduct.

5.      Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial
district, and the events giving rise to the claims asserted herein occurred within this district.

**ANSWER:**     Defendant Hasan admits that venue is proper, but denies engaging in any

wrongful or illegal conduct and denies the remaining allegations contained in Paragraph 5.

### Background

6.     Seventeen-year-old Oscar Guzman has autism, a complex neurobiological
disorder that impairs his ability to relate to people.  Oscar is very shy and averse to confrontation.
If he does not understand a question that a stranger asks him, he will usually put his head down
and say "sorry."  If pressed, he will avoid an uncomfortable situation by walking away.

**ANSWER:**     Defendant Hasan admits, upon information and belief, that Oscar Guzman has

autism, but lacks knowledge or information sufficient to form a belief as to truth or falsity of the

remaining allegations contained in Paragraph 6.

7.     On the evening of April 22, 2009, Oscar was spending time with his mother,
Plaintiff Maria Guzman, while she cleaned their family's Little Village restaurant.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 7.

8.     Around closing time, Oscar walked outside to get fresh air. Oscar was violating no
law, and did nothing to justify scrutiny from law enforcement officers.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 8.

9.     Oscar was approached by Defendant Chicago Police Officers Terry Southard and
Sam Lopez.  Feeling uncomfortable, he put his head down and walked back inside his family's
restaurant.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 9.

10.     The Defendant Officers followed Oscar into the  restaurant.  Oscar entered his
family's "employees' only" area in the back, and a Defendant followed him, running.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 10 as they pertain

to him.  Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 10.

11.     Oscar's father stood in front of the employee only door in an attempt to keep the officer away from Oscar. Oscar's father said words to the effect of: "he's a special needs child, please tell me what he did."

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 11 as they pertain

to him.  Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 11.

12.     At the same time, Maria Guzman was telling the officers words to the effect of: "I'm his mom, my son is a special needs child, he's not well."

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 12 as they pertain

to him.  Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 12.

13.     One of the Defendants pushed Oscar's father to the  ground and forced his way into the employee-only area, where Oscar was trying to hide.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 13 as they pertain

to him.  Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 13.

14.     In an effort to protect himself, Oscar repeatedly called out to the officer that he was "a special boy."

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 14 as they pertain

to him.  Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 14.

15.     Ignoring the pleas of Oscar and his parents, the Defendant Officer struck Oscar in the head, forcefully with a metal baton, splitting his skin open. Oscar fell to the ground, bleeding profusely.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 15 as they pertain

to him.  Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 15.

16.     The Defendant Officer only stopped hitting Oscar after his Defendant partner emphasized that Oscar has autism.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 16 as they pertain

to him.  Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 16.

17.     Oscar's sister, Plaintiff Nubia Guzman, a student at the University of Illinois, arrived on the scene.  Nubia asked the officers what had happened.  Instead of responding, one of the Defendants threatened her with arrest.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 17 as they pertain

to him.  Defendant Hasan lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 17.

## A Chicago Police Sergeant Denies Information
## and Threatens Oscar's Family

18.     Oscar's family called 911, and a Defendant Chicago police sergeant - Andre Hasan - arrived and took the Defendant Officers outside to speak with them, where Oscar's family would not be able to hear them.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegation that Oscar's family called 911.  Defendant Hasan admits that

he is a Chicago police sergeant and that he arrived.  Defendant Hasan denies the remaining

allegations contained in Paragraph 18.

19.    When Defendant Hasan returned, Nubia asked him to tell her family what explanation the officers had given for chasing and battering Oscar.  Instead of answering Nubia's question, the Defendant Sergeant walked toward her in a threatening manner, grabbed her wrist and handcuffed it, and threatened to arrest her.

**ANSWER:**    Defendant Hasan admits that at some point in time Nubia Guzman asked for an

explanation.  Defendant Hasan denies the chronology alleged and denies the remaining

allegations contained in Paragraph 19.

20.    The Defendant Sergeant further threatened Nubia with words to the effect of, "if you want problems, I'm going to give them to you."

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 20.

21.    After an ambulance arrived for Oscar, the Defendant Officers, including the sergeant, left the scene, giving no reason for their actions.  Oscar was not charged with any crime, nor did he commit any.

**ANSWER:**    Defendant Hasan admits that he left the scene at some point in time after an

ambulance arrived for Oscar.  Defendant Hasan admits that Oscar was not charged with any

crime, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of

the allegation that he did not commit any crime.  Defendant Hasan denies the remaining

allegations contained in Paragraph 21.

22.    Oscar's family took him to the hospital, where, to close his large wound, he had staples inserted into his head.

**ANSWER:**    Defendant Hasan admits that Oscar was taken to the hospital by an ambulance,

but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations contained in Paragraph 22.

23.    In the past, Oscar has interacted well with the police officers who frequent his family's restaurant.  Since his encounter with the Defendant Officers, however, Oscar has said repeatedly that he is afraid that he will be murdered by police, and has trouble sleeping.  Maria Guzman, since the incident, has been similarly frightened and distressed.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 23.

**The City of Chicago**
**Delays Its Investigation and**
**Withholds the Identities of the Defendants**

24.    Following the attack, Oscar's family lodged a complaint with the City of Chicago
Independent Police Review Authority. IPRA investigators stated that they would need to
interview the members of Oscar's family, along with Oscar himself.

**ANSWER:**    Defendant Hasan admits that a complaint was lodged with the Independent Police

Review Authority, but lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the remaining allegations contained in Paragraph 24.

25.    Plaintiffs had come to believe that cooperation with IPRA would be
counterproductive because in the past the organization and its predecessor, the Office of
Professional Standards, have uniformly declined to conduct legitimate investigations.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 25.

26.    Specifically, IPRA conducts one-sided investigations, by using a variety of
techniques, including the  following.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 26.

27.    IPRA invariably attempts to "lock in" citizens who make complaints against
officers in a way that makes those complaints appear to be meritless. They do so by subjecting
citizens to excessively detailed interviews, attempting to create contradictions in their accounts of
the events.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 27.

28.     IPRA performs similarly-biased interviews of the citizen witnesses who support complainants' claims of misconduct.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 28.

29.     In contrast to IPRA' s treatment of citizen complainants and their witnesses, IPRA fails to subject  the complained-of police officers to any meaningful scrutiny.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 29.

30.     IPRA records its interviews of citizen complainants and witnesses, but it does not record its interviews with the target police officers.  This failure to record the police officers enables the officers to change their stories at any point in the process.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 30.

31.     Meanwhile, the fact that the citizen interviews are recorded makes a record of scores of questions and answers, which IPRA then seizes on to give the impression of contradictions in the witnesses' accounts. There is no corresponding record of police officers' accounts.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 31.

32.     In fact, in many investigations, IPRA does not bother to interview the complained-of officers at all.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 32.

33.     In many investigations, IPRA will ask only that police officers submit a short written response to the complaints against them. IPRA will not follow up on inconsistencies or deficiencies in these short written statements.

**ANSWER:** Defendant Hasan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33.

34. On the other hand, IPRA does not allow citizen complainants to explain their complaints in writing, but requires that they submit to recorded interviews.

**ANSWER:** Defendant Hasan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34.

35. If the citizen complainants do not submit to recorded interviews, IPRA will not require from the police officers any response at all to the allegations that they committed misconduct, not even a written statement.

**ANSWER:** Defendant Hasan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35.

36. In the rare case in which IPRA does question the complained-of police officers in person, they wait until the very end of the investigation to do so. Because IPRA frequently stalls their investigations for months or even years, by the time it interviews investigated officers, those officers can credibly claim to lack any recollection of the alleged misconduct.

**ANSWER:** Defendant Hasan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36.

37. The result of such practices is that IPRA almost never sustains citizens' allegations of misconduct by Chicago police officers. IPRA sustains less than two out of every 100 complaints of police misconduct.

**ANSWER:** Defendant Hasan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37.

38. IPRA makes members of the Chicago Police Department aware of its above-described practices, and as a consequence the members know that they can commit nearly any misconduct with impunity, because IPRA will not perform legitimate investigations into the officers' actions.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 38.

39.    Despite these known IPRA practices, Plaintiffs decided to cooperate with the agency in this case because of IPRA's assurance that they would perform a legitimate investigation in a timely manner.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 39.

40.    Based on IPRA's representations, Oscar's family fully complied with all of IPRA's requests, allowing investigators to interview and record Oscar, in addition to multiple members of his family, directly after the incident. Three members of Oscar's family signed affidavits, under penalty of perjury, in support of their statements.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 40.

41.    In June 2009, IPRA asked Oscar's parents to sit again for a second round of sworn and recorded interviews, and Oscar's parents complied.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 41.

42.    Also in June 2009, an IPRA investigator revealed to Plaintiffs that the agency had learned the identities of the Defendant Officers. The investigator indicated that IPRA's investigation would be completed by August 2009, and findings would be made.

**ANSWER:**    Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 42.

43.    Since late-July 2009, attorneys on Oscar's behalf have made at least six phone and letter inquires to IPRA to learn why its investigation is not complete. In October 2009, an IPRA investigator informed Plaintiffs' attorneys that the Defendant Officers' statements were scheduled for the end of that month.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 43.

44.     But those interviews apparently never happened.  Most recently, in November
2009, an IPRA investigator informed Plaintiffs' attorneys that IPRA is "still taking statements
from the officers involved or with knowledge, and does not yet have a target date for completion
of the investigation."

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 44.

45.     Thus, despite rushing to take and record multiple interviews with Oscar and his
family, IPRA failed, in the many intervening months, to perform the task of taking statements
from  the Defendant Officers.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 45.

46.     In addition, and despite the fact that IPRA identified the Defendant Officers at
least many months ago, no one from the agency provided their names to Oscar, to his family, or
to his attorneys.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 46.

47.     Unable to get redress through the City of Chicago's IPRA procedures, Plaintiffs
now seek redress through  this lawsuit.

**ANSWER:**     Defendant Hasan lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in Paragraph 47.

## Count I -- 42 U.S.C. § 1983
### Excessive Force

48.     Each Paragraph of this Complaint is incorporated  herein.

**ANSWER:**    Defendant Hasan reasserts his answers to each paragraph of this Complaint as if

fully set forth herein.

49.    As described above, the conduct of one or more of the individual Defendants constituted excessive force in  violation of the United States Constitution.

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 49.

50.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Plaintiffs' constitutional rights.

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 50.

51.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 51.

52.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago in that:

    a.    As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b.    Specifically, the City of Chicago has failed to provide any training to the majority of its officers regarding how to recognize developmental disabilities in civilians, and how to interact with such civilians. To the extent that the City has attempted to train a minority of its officers in interacting with people with mental disabilities, the training has been inadequate.

    c.    In addition, as described in detail above, and as a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct - including by delaying investigations into allegations of misconduct - thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

     d.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the City and IPRA make findings of wrongdoing in a disproportionately small number of cases;

     e.     City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department. Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

     f.     The City of Chicago has failed to act to remedy the patterns of abuse," despite actual knowledge of the same, thereby causing the types of injuries alleged here.

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 52 and its sub-parts.

53.    As a result of the individual Defendants' unjustified and excessive use of force and the policy and practices of the City and IPRA, Plaintiffs have suffered pain and injury, including emotional distress.

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 53.

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his favor and against Plaintiffs on Count I, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

**Count II -- 42 U.S.C. § 1983**
**False Arrest/Unlawful Detention**

54.    Each Paragraph of this Complaint is incorporated herein.

**ANSWER:**    Defendant Hasan reasserts his answers to each paragraph of this Complaint as if fully set forth herein.

-13-

55.     As described more fully above, the Defendant Officers falsely arrested and unlawfully detained Plaintiffs without justification and without probable cause.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 55.

56.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 56.

57.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 57.

58.     As a result of the unjustified violation of Plaintiffs' rights by the individual Defendants, undertaken  pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 58.

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his

favor and against Plaintiffs on Count II, for the costs of defending this suit, and such other relief

as the Court deems just and appropriate.

## Count III -- 42 U.S.C. § 1983
### Failure to Intervene

59.     Each Paragraph of this Complaint is incorporated  herein.

**ANSWER:**     Defendant Hasan reasserts his answers to each paragraph of this Complaint as if

fully set forth herein.

60.     As described more fully above, one or more  Defendant Officers had a reasonable opportunity to prevent the  violation of Plaintiffs' constitutional rights as set forth above had they been so inclined, but failed to do so.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 60.

61.     Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 61.

62.     As a result of Defendant Officers' failure to intervene, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 62.

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his

favor and against Plaintiffs on Count III, for the costs of defending this suit, and such other relief

as the Court deems just and appropriate.

## Count IV -- 42 U.S.C. §-1983
## Conspiracy to Violate Plaintiffs' Constitutional Rights

63.     Each Paragraph of this Complaint is incorporated  herein.

**ANSWER:**     Defendant Hasan reasserts his answers to each paragraph of this Complaint as if

fully set forth herein.

64.     As described more fully above, there was an agreement between the individual Defendants and unknown City of Chicago employees to deprive Plaintiffs of their constitutional rights.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 64.

65.     Specifically, the Defendants conspired by concerted action to accomplish an unlawful purpose by an unlawful means.  In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 65.

66.     The conspiring Defendants' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 66.

67.     As a result of Defendants' conspiracy, undertaken pursuant to the City's policy and practice as described above,  Plaintiffs have suffered injury, including emotional distress.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 67.

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his

favor and against Plaintiffs on Count IV, for the costs of defending this suit, and such other relief

as the Court deems just and appropriate.

### Count V -- State Law Claim
### Intentional Infliction of Emotional Distress

68.     Each Paragraph of this Complaint is incorporated herein.

**ANSWER:**     Defendant Hasan reasserts his answers to each paragraph of this Complaint as if

fully set forth herein.

69.     As described more fully above, one or more of the Defendant Officers engaged in extreme and outrageous behavior in chasing and battering - with no justification - a young man with autism, in full view of his family, despite being informed of the young man's condition.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 69.

70.     By their behavior, the Defendant Officers intended to inflict, or knew that there was a high probability of inflicting, severe emotional distress upon Oscar.  The Defendant Officers also intended to inflict, or knew that there was a high probability of inflicting, severe emotional distress upon Maria Guzman, who witnessed the chasing and battery of her special needs son and tried to stop it.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 70.

71.     Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 71.

72.     As a result of Defendant Officers' actions, undertaken pursuant to the City's policy and practice as described above, Plaintiffs did in fact suffer severe emotional distress, including

that Maria Guzman suffered and continues to suffer sleeplessness, physical distress, and extreme anxiety.

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 72.

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his favor and against Plaintiffs on Count V, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

**Count VI -- State Law Claim**
**Assault and Battery**

73.    Each Paragraph of this Complaint is incorporated  herein.

**ANSWER:**    Defendant Hasan reasserts his answers to each paragraph of this Complaint as if fully set forth herein.

74.    As described in the preceding paragraphs, the conduct of one or more of the individual Defendants, acting under  color of law and within the scope of his employment, constituted  unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

**ANSWER:**    Defendant Hasan admits that he was acting under color of law and within the scope of his employment at all times relevant to the complaint, but denies the remaining allegations contained in Paragraph 74.

75.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with  willful indifference to Plaintiffs' constitutional rights.

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 75.

76.    The misconduct described in this Count was  undertaken with malice, willfulness, and reckless indifference to  the rights of others.

**ANSWER:**    Defendant Hasan denies the allegations contained in Paragraph 76.

-17-

77.     As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Plaintiffs sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 77.

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his favor and against Plaintiffs on Count VI, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

### Count VII -- State Law Claim
### False Imprisonment

78.     Each Paragraph of this Complaint is incorporated herein.

**ANSWER:**     Defendant Hasan reasserts his answers to each paragraph of this Complaint as if fully set forth herein.

79.     Plaintiffs were imprisoned, and thereby had their liberty to move about unlawfully restrained, despite individual Defendants' knowledge that there was no probable cause for doing so.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 79.

80.     The actions of the individual Defendants, set forth above, were undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights and to the rights of others.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 80.

81.     As a result of the above-described wrongful infringement of Plaintiffs' rights, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 81.

-18-

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his favor and against Plaintiffs on Count VII, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## Count VIII -- State Law Claim
## Respondeat Superior

82.     Each Paragraph of this Complaint is incorporated herein.

**ANSWER:**     Defendant Hasan reasserts his answers to each paragraph of this Complaint as if fully set forth herein.

83.     In committing the acts alleged in the preceding paragraphs, the individual Defendants were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

**ANSWER:**     Defendant Hasan admits that he was a member and agent of the Chicago Police Department acting within the scope of his employment at all times relevant to the complaint, but denies the remaining allegations contained in Paragraph 83.

84.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:**     Defendant Hasan denies the allegations contained in Paragraph 84 as it amounts to an incomplete legal conclusion.

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his favor and against Plaintiffs on Count VIII, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## COUNT IX -- State Law Claim
## Indemnification

85.     Each Paragraph of this Complaint is incorporated herein.

**ANSWER:** Defendant Hasan reasserts his answers to each paragraph of this Complaint as if fully set forth herein.

86. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** Defendant Hasan denies the allegations contained in Paragraph 86 as it amounts to an incomplete legal conclusion.

87. The individual Defendants are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.

**ANSWER:** Defendant Hasan admits that he is an employee of the Chicago Police Department who acted within the scope of his employment at all times relevant to the complaint, but denies the remaining allegations contained in Paragraph 87.

WHEREFORE, Defendant Hasan respectfully requests that judgment be entered in his favor and against Plaintiffs on Count IX, for the costs of defending this suit, and such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Defendant Hasan is a government official who performs discretionary functions. At all times material to the events alleged in Plaintiffs' complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Hasan, could have believed his actions to be lawful, in light of clearly established law and the information that Defendant Hasan possessed. Defendant Hasan, therefore, is entitled to qualified immunity as a matter of law as to Plaintiffs' federal claims.

2.      As to Plaintiffs' state law claims, Defendant Hasan is not liable for injuries arising out of his exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3.      As to Plaintiffs' state law claims, Plaintiffs cannot establish willful and wanton conduct on the part of Defendant Hasan and therefore he is immune from suit. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

4.      As to Plaintiffs' state law claims, Defendant Hasan is not liable for any injury caused by the acts or omissions of another person. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

5.      To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiffs, any verdict or judgment obtained by Plaintiffs based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. *See* Poole v. City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill.Dec. 171 (Ill. 1995).

6.      To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

## JURY DEMAND

Defendant Andre Hassan hereby demands a trial by jury.


Respectfully submitted,

     /s/ Anne K. Preston
Anne K. Preston
Assistant Corporation Counsel
Attorney for Defendant Officer Hasan

30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-4045
(312) 744-6566 (FAX)
ATTY. NO.: 6287125