UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA GUZMAN, on her own behalf, and on behalf of her minor son, OSCAR O. GUZMAN, and NUBIA GUZMAN, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 09 C 7570 |
| CITY OF CHICAGO, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the motion of Plaintiff Maria Guzman ("Guzman") to compel the production of evidence from Defendant City of Chicago ("the City"). For the reasons set forth below, Plaintiffs' motion to compel is denied.

## BACKGROUND

On April 14, 2010, Guzman filed a first amended complaint on behalf of her minor son, Oscar Guzman ("Oscar"), asserting a number of claims against the City and Chicago Police Officers Terry Southard ("Southard"), Sam Lopez ("Lopez"), and Police Sergeant Andre Hasan ("Hasan"). Guzman's complaint contains a number of causes of action under 42 U.S.C. § 1983, including excessive force, false arrest, unlawful detention, failure to intervene, and conspiracy to violate Plaintiffs' constitutional rights.

Guzman also asserts state-law claims of intentional infliction of emotional distress, assault, battery, false imprisonment, respondeat superior, and indemnification.

Guzman alleges that on April 22, 2009, Oscar, an autistic adolescent, was standing in front of his family's restaurant in Chicago when Officers Southard and Lopez pulled up and chased Oscar into the restaurant. Guzman further alleges that while in the process of pursuing Oscar, Officer Southard ignored Guzman's warnings that her son was autistic, pushed her husband to the ground, seized Oscar, and beat him on the head with a metal baton. Guzman further alleges that Sergeant Hasan threatened Oscar's sister in response to inquiries from the family.

After Guzman filed her complaint, the Independent Police Review Authority ("IPRA"), a City of Chicago agency responsible for conducting independent investigations of police misconduct, opened an investigation into the incident. On May 14, 2010, this court ordered IPRA to produce all documents related to the investigation into the complaint lodged by Guzman. IPRA produced the file documenting IPRA's investigation and has continuously produced updates to the file as the investigation proceeded. During the discovery stages of the proceedings, Guzman issued deposition notices to four IPRA employees. In September 2010, in the presence of counsel for Defendants, Guzman deposed IPRA investigator Roberto Soto regarding his questioning of Oscar about the incident at issue. On October 26, 2010, Guzman deposed the primary

IPRA investigator of the Guzman incident, Maira Webb ("Webb"). During the deposition, Webb followed her counsel's instructions and refused to answer several questions by asserting the "deliberative process privilege." After Webb's deposition, Guzman's counsel sent a correspondence to his counterpart arguing that the privilege was improperly asserted. Counsel for the City replied that the deponents would continue to assert the privilege during the next two scheduled depositions. Based on the City's counsel's statement, Guzman's counsel decided to cancel the remaining depositions. Guzman is now asking this court to compel the City to produce Webb and the remaining deponents and to have them answer the questions posed.

## LEGAL STANDARD

Fed. R. Civ. P. 26(b)(1) states that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Under Fed. R. Civ. P. 26(b)(5)(A), a party claiming that otherwise discoverable information is privileged or subject to protection must expressly make that claim and describe the nature of unproduced materials in a manner that, without revealing the privileged or protected information itself, will enable others to assess the claim. Thus, "the burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). Questions of privilege that arise in the course of the adjudication of federal rights are

governed by federal common law principles. Fed. R. Evid. 501; *see also U.S. v. Zolin*, 491 U.S. 554, 562 (1989). As with all discovery matters, district courts have broad discretion in determining motions to compel. *See Peals v. Terre Haute Police Dept.*, 535 F.3d 621 (7th Cir. 2008). With these principles in mind, we turn to the motion at hand.

## DISCUSSION

Guzman asks the court to compel the City to produce investigator Webb and the remaining witnesses for questioning because the deliberative process privilege does not apply under the circumstances.

Guzman argues that the City has not properly invoked the privilege because it has not timely filed an affidavit precisely describing the privileged material. To assert the deliberative process privilege, the government agency has to satisfy three elements: (1) the department head with control over the matter must make a formal claim of privilege, after personal consideration of the problem; (2) the responsible official must demonstrate, typically by affidavit, precise and certain reasons for preserving the confidentiality of the documents in question; and (3) the official must specifically identify and describe the documents. *Parvati Corp., v. City of Oak Forest*, 2010 WL 2836739, at *5 (N. D. Ill. 2010); *Walden v. City of Chicago*, 2009 WL 3679672, at *3 (N. D. Ill. 2009).

After examination of the record before us, we conclude that the City has complied with the procedures necessary to assert the privilege. Although the affidavit of IPRA's Chief Administrator, Ilana Rosenzweig ("Rosenzweig"), was first submitted by the City in its response to the motion to compel, failure to timely provide the affidavit is not fatal to the claim of privilege. *Parvati*, 2010 WL 2836739, at *5; *Tumas v. Bd. of Educ. of Lyons Twp. High Sch. Dist.*, 2007 WL 2228695, at * 8 (N. D. Ill. 2007). Rosenzweig, IPRA's highest-ranking official, has expressly claimed the privilege and provided a justification for its assertion, namely that secrecy would protect the integrity of the investigation. Additionally, Rosenzweig has specifically identified which documents and communications are protected: conversations taking place among Webb, her supervisor Kevin Connolly, and coordinator Carlos Weeden, regarding the investigation's recommended findings, recommended discipline, and their closely intertwined facts.

Guzman also contends that the City waived the deliberative process privilege by disclosing the IPRA investigation file. Privileges relating to governmental decision-making can be waived if the disclosure is voluntarily made to a non-federal party. *Patterson v. Burge*, 451 F. Supp. 2d 947, 956 (N. D. Ill. 2006). In addition, the disclosure of documents only waives the privilege for "the document or information specifically released, and not for related material." *Id*. Here, the City was ordered by the

court to produce IPRA's investigation file and hence did not disclose the documents on a voluntary basis. Furthermore, the release of Webb's summary report does not waive the protection afforded by the deliberative process privilege to conversations pertaining to the report's contents between the author of the report and her supervisors. Therefore, the City did not waive the deliberative process privilege.

Guzman also argues that the deliberative process privilege does not apply to the communications at issue. The underlying policy of the deliberative process privilege is the furtherance of governmental efficiency and effectiveness; the privilege commands the protection of the candid communications between government officials. *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). The determination of whether the privilege attaches entails a two-part test: in order to be protected from disclosure, a communication must be both pre-decisional in the sense that it is "actually [a]ntecedent to the adoption of an agency policy," and deliberative in the sense that it is "actually . . . related to the process by which policies are formulated." *Enviro Tech Int'l v. Envt'l Prot. Agency,* 371 F.3d 370, 375 (7th Cir. 2004). The privilege does not justify the withholding of "purely factual material" nor of documents reflecting an agency's final policy decisions. *Id.* at 374. On the other hand, the privilege covers pre-decisional policy discussions such as advisory opinions, recommendations, and deliberations. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

Additionally, the deliberative process privilege is a qualified privilege and can be overcome where there is a sufficient showing of a particularized need that outweighs the reasons for confidentiality. *U.S. v. Farley,* 11 F.3d 1385, 1389 (7th Cir. 1993).

Guzman argues that the City cannot withhold the information sought because the deliberative process privilege does not apply to municipal agencies such as IPRA. Guzman bases her contention on Illinois law which does not recognize the deliberative process privilege. *Birkett v. City of Chicago*, 705 N.E.2d 48, 54 (1998). Illinois law does not govern the assertion of the privilege in this case. The principal claim in this case arises under the 42 U.S.C. § 1983. When the principal claim arises under federal law, questions of privilege are governed by principles of federal common law; this is true despite "the presence of a pendent state claim." *Mem. Hosp. for McHenry County v. Shadur*, 664 F.2d 1058, 1061 n.3 (7th Cir. 1981).[1] Federal common law has recognized the existence of the privilege of deliberative process. *Klamath Water Users Protective Ass'n*, 532 U.S. 1 (2001); *see also U.S. v. Nixon*, 418 U.S. 683 (1974). Therefore, federal law will supply the rule of the decision. Fed. R. Evid. 501.[2]

---

[1] *See also Evans v. City of Chicago*, 231 F.R.D. 302, 315 n.5 (N. D. Ill. 2005) (federal common law, not state law, governs questions of privilege in a federal question case - even when that federal question case contains supplemental state law claims).

[2] Guzman also maintains that IPRA cannot invoke the deliberative process privilege because the courts have not directly resolved the question of whether a municipal agency is able to assert such a privilege. However, in *Tumas,* the court expressly raised the question and authorized a high school Board of Education to invoke the protection of the privilege. *Tumas*, 2007 WL 2228695, at * 5. This precedent reinforces our decision that the City is not foreclosed from claiming the privilege only because IPRA is a municipal agency.

Guzman also maintains that the City cannot invoke the deliberative process privilege because IPRA is not a policy-making body and the privilege only covers information related to the formulation of a policy. However, the deliberative process privilege, as its caption suggests, is designed to protect communications that are part of the decision-making process of a governmental agency. *U.S. v. Farley*, 11 F.3d 1385, 1389 (7th Cir. 1993) (citing *N.L.R.B. v. Sears Roebuck & Co.*, 421 U.S. 132, 150-51 (1975)). The privilege "covers *memoranda* and *discussions* . . . leading up to the formulation of an official position." *U.S. v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004) (emphasis added). In the instant case, the summary report prepared by investigator Webb clearly consists of findings that are intended to be passed on to IPRA's next level of supervision as part of the process for formulating an official position with respect to the Guzman incident. Thus, the City is entitled to invoke the privilege with respect to the summary report and discussions related to its content without regard to IPRA's policy-making status.

Guzman raises another objection in that the questions posed during Webb's deposition are not subject to the privilege because the answers do not involve pre-decisional or deliberative information. After examination of the record before the court and particularly Webb's deposition, we conclude that Webb legitimately refused to answer the questions posed. In her deposition, Webb indicated that she concluded her

investigation in June 2010 and was ordered by Connolly, her supervisor, to prepare a summary report. Webb also testified that the IPRA investigation is still pending, that the report contains findings that must be communicated to the next level of supervision, and that the case has recently been returned to her for further investigation. The summary report does not reflect the final conclusions reached in the Guzman case and was rendered before IPRA reached an official position. Because the summary report is an early draft and reflects the internal dialogue at IPRA regarding proposals, suggestions, and recommendations, we find that the City has validly asserted the privilege over any verbal or oral communications between Webb and her supervisors.

Similarly, the deliberative process privilege covers "factual matters inextricably intertwined" with protected communications leading up to an agency's final policy decision. *Enviro Tech Int'l.,* 371 F.3d, at 375. Although Guzman maintains that questions involving purely factual material should be ordered to be produced, we conclude, after examination of Webb's deposition, that the questions asked will inevitably lead to the disclosure of specific facts that will support IPRA's final position with respect to the Guzman case. Hence, the City has properly asserted the privilege over those questions.

Finally, Guzman contends that she has demonstrated a need for the information at issue such that the privilege should not attach. In order to overcome the deliberative

process privilege Guzman must establish that the need for the information outweighs IPRA's interest in the confidentiality. *Farley*, 11 F.3d at 1389. In balancing the need for disclosure against the need for confidentiality, a court considers among other factors (1) the relevance of the documents to the litigation, (2) the availability of other evidence that would serve the same purpose as the documents sought, and (3) the degree to which disclosure . . . would hinder frank and independent discussion about governmental policies and decisions." *Tumas*, 2007 WL 2228695, at *5. Guzman maintains that the communications and deliberations between IPRA investigators pertaining to recommended findings and discipline will prove helpful in establishing the *Monell* claim brought against the City for the alleged failure to adequately investigate and punish police misconduct. We agree with Guzman in that the information sought is relevant to her claim. However, relevance is not the only factor to consider. We recognize that so far the City has produced the entire investigatory file, including the recent summary report, and is continuously adding updates to the file. By releasing these documents the City has made available other sources of evidence that serve the same purpose as the information sought. In addition, we believe that requiring the production of communications among IPRA investigators and their supervisors constitutes an intrusion that would seriously hinder the frank discussion that

- 10 -

governmental decisions deserve and would jeopardize the integrity of the investigation.

We therefore find no sufficient reason for breaching the deliberative process privilege.

## CONCLUSION

The motion to compel is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: January 7, 2011