Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7570 | **DATE** | March 1, 2011 |
| **CASE TITLE** | Guzman et al vs. The City of Chicago et al | | |

**DOCKET ENTRY TEXT**

The City's motions (Doc [57]) to bifurcate, to stay discovery, and to enter Certification of Entry of Judgment against the City are granted. Status hearing set for 3/10/2011 at 9:30 a.m. to stand.

■[ For further details see text below.]   Docketing to mail notices.

# ORDER

This matter comes before the court on several motions submitted by Defendant the City of Chicago ("the City"). The City moves to bifurcate discovery and trial on *Monell* claims pursuant to Fed. R. Civ. P. 42(b). The City also moves to enter a Certification for Entry of Judgment against the City. For the reasons set forth below, the motions are granted.

Plaintiff Maria Guzman ("Guzman") filed a first amended complaint on behalf of her minor son, Oscar Guzman ("Oscar"), asserting a number of claims against the City and Chicago Police Officers Terry Southard, Sam Lopez, Chicago Police Sergeant Andre Hasan, and as-of-yet Unknown City of Chicago Employees (collectively, "the Individual Defendants"). Guzman asserts a number of claims for damages under 42 U.S.C. § 1983 for alleged violations of her and her son's constitutional rights. The complaint includes causes of action for excessive force, false arrest, unlawful detention, failure to intervene, and conspiracy to violate Plaintiffs' constitutional rights. Guzman also asserts § 1983 claims seeking to recover from the City pursuant to the Supreme Court's holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1976), for allegedly fostering a policy or practice of misconduct that caused the deprivation of Guzman's civil rights. The City now moves pursuant to Fed. R. Civ. P. 42(b) to bifurcate the *Monell* claims brought against it from the section 1983 claims brought against the Individual Defendants. The City also moves to stay discovery and trial on those claims and asks that we enter a Certification of Entry of Judgment against the City. Guzman opposes the proposed motions.

Federal Rules of Civil Procedure 42(b) authorizes the court to separate issues or claims in furtherance of convenience, to avoid prejudice, or when separate trials will be conducive to the expedition and economy of the court. *Berry v. Deloney*, 28 F.3d 604, 610 (7th Cir. 1994). "Only one of these criteria need be satisfied for a court to order a separate trial." *Id*. It is well established that district courts have broad discretion in

whether to try issues separately under Rule 42(b). *Krocka v. City of Chicago,* 203 F.3d 507, 516 (7th Cir. 2000).

The City seeks to bifurcate the Individual Defendants' claims and the *Monell* claims arguing that bifurcation will conserve resources of both the parties and the court. Guzman argues that bifurcating the *Monell* claims will undermine the expedience and economy that bifurcation was designed to cure.

In opposing the City's motion, Guzman relies on *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293 (7th Cir. 2010). The plaintiff in *Thomas* was the mother of a pretrial detainee who brought a § 1983 claim against Cook County, the Cook County sheriff, and the medical technicians at the county jail where her son died while he was being held. At trial, the plaintiff asserted that the county was deliberately indifferent to her son's medical needs by maintaining a practice of keeping the jail understaffed and not timely retrieving inmate medical requests.
The Seventh Circuit concluded that it is conceivable that "a municipality can be ... liable under *Monell*, even when its officers are not, unless such a finding would create an inconsistent verdict." *Id*. at 305. The Seventh Court specifically indicated that even if an individual officer is not liable, it is plausible that a constitutional violation could still exist if it is established that an unconstitutional municipal policy caused the harm. *Id*. at 304.

Guzman contends that *Thomas* commands denial of the motion to bifurcate. Guzman argues that two trials will unavoidably be necessary if the possibility exists that a jury could reach consistent verdicts by absolving the Individual Defendants but finding the City liable. Guzman, however, has not sufficiently demonstrated how a jury could reach such an outcome and avoid inconsistent verdicts. Guzman's claims are not comparable to those in *Thomas*, a deliberate indifference case. Guzman's claims are more akin to excessive force claims where bifurcation has consistently been granted. We conclude, on the current record before the court, that a verdict against the City for failure to train and supervise its police officers in refraining from using excessive force against citizens cannot presently be sustained if the officers accused of administering the excessive force are found not liable. The City's liability depends on the determination that one or more of the Individual Defendants violated Guzman's rights. Accordingly, we believe that bifurcation will provide benefits in terms of economy.

In addition, the City has offered, subject to appellate rights, to stipulate to a judgment against itself for any compensatory damages and reasonable attorney's fees if there is a finding of liability against the individual police officers. The City has also stipulated to entry of judgment against itself even in the event the Individual Defendants successfully assert a qualified immunity defense. Therefore, a favorable outcome for Guzman could deter the need for further litigation. Based on the foregoing, we conclude that, under the present circumstances, bifurcation will conserve resources of both the parties and the court. The City's motions to bifurcate, to stay discovery, and to enter Certification of Entry of Judgment against the City are granted.

**Dated: March 1, 2011**

CHARLES P. KOCORAS
**U.S. District Court Judge**